**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ADRIENNE BLATCHFORD,
            *Plaintiff-Appellant,*

v.

THE ALASKA NATIVE TRIBAL
HEALTH CONSORTIUM, dba Alaska
Native Medical Center,
            *Defendant-Appellee.*

No. 10-35785

D.C. No.
3:08-cv-00247-TMB

OPINION

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted
May 5, 2011—Anchorage, Alaska

Filed May 19, 2011

Before: Arthur L. Alarcón, Susan P. Graber, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Graber

## COUNSEL

Jeffrey J. Barber, Barber & Sims, LLC, Anchorage, Alaska, for the plaintiff-appellant.

Richard D. Monkman, Sonosky, Chambers, Sachse, Miller & Munson LLP, Juneau, Alaska, for the defendant-appellee.

**OPINION**

GRABER, Circuit Judge:

Plaintiff Adrienne Blatchford suffered serious injuries in a car accident. She received extensive health care services from Defendant Alaska Native Tribal Health Consortium ("the Consortium"). Pursuant to the Indian Health Care Improvement Act, Pub. L. No. 94-437, 90 Stat. 1400 (1976), the Consortium did not charge Plaintiff for those services because she is a Native American. But the Consortium filed a lien under Alaska law, Alaska Statutes §§ 34.35.450-.482, against any money that Plaintiff receives from third parties, related to the injuries for which it treated her. The Consortium also filed a "Notice of Federal Health Services Lien," citing 25 U.S.C. § 1621e.

Plaintiff received a substantial settlement from her insurer, and her lawyer disbursed all the settlement funds except for the amount subject to the Consortium's liens. Thereafter Plaintiff filed an action in Alaska state court, seeking a declaratory judgment to the effect that the Consortium's liens are not valid, in whole or in part. The Consortium removed the action to federal court and filed a counterclaim asserting that, under 25 U.S.C. § 1621e, Plaintiff must remit the remaining funds to it. The district court granted summary judgment to the Consortium because it "has a right to recover the money spent on Plaintiff's medical care under 25 U.S.C. § 1621e." On de novo review,[1] we reverse because 25 U.S.C. § 1621e does not apply here.

In enacting the Indian Health Care Improvement Act, Congress found that "[f]ederal health services to maintain and improve the health of the Indians are consonant with and

---

[1]We review de novo both the district court's grant of summary judgment and its statutory interpretation. *Phoenix Mem'l Hosp. v. Sebelius*, 622 F.3d 1219, 1224 (9th Cir. 2010).

required by the Federal Government's historical and unique legal relationship with, and resulting responsibility to, the American Indian people." 25 U.S.C. § 1601(1). "Congress declares that it is the policy of this Nation, in fulfillment of its special trust responsibilities and legal obligations to Indians . . . to ensure the highest possible health status for Indians and urban Indians and to provide all resources necessary to effect that policy . . . ." *Id.* § 1602(1). Accordingly, Native Americans need not pay for health care services that they receive from eligible providers but, pursuant to 25 U.S.C. § 1621e, those providers can recover certain of their costs from third parties.

We pause to note that, as part of the recent health care overhaul, Congress amended § 1621e in 2010. All the relevant events—the car accident, the receipt of health care services, the Consortium's filing of its liens, Plaintiff's insurance settlement, and the filing of this litigation—occurred before the 2010 amendments took effect. But it is possible that Congress intended the 2010 amendments to have retroactive effect. *See, e.g.*, *Yukon-Kuskokwim Health Corp. v. Trust Ins. Plan for Sw. Alaska*, 884 F. Supp. 1360, 1364-68 (D. Alaska 1994) (performing an extensive analysis of the 1992 amendments to the statute and concluding that they had retroactive effect). We need not decide, however, whether the present-day version of the statute or the pre-amendment version of the statute applies. In the discussion below, we apply the pre-amendment version of the statute, but we emphasize that the result we reach here would be the same even if Congress intended the 2010 amendments to have retroactive effect. Although the new version of § 1621e, which appears in an appendix, is longer and more explicit, it changed neither the intended scope of the section nor its relationship to state lien laws.

Section 1621e (2009) provided, in full:

> § 1621e.   Reimbursement from certain third parties
> of costs of health services.

(a) Right of recovery

Except as provided in subsection (f) of this section, the United States, an Indian tribe, or a tribal organization shall have the right to recover the reasonable expenses incurred by the Secretary, an Indian tribe, or a tribal organization in providing health services, through the Service, an Indian tribe, or a tribal organization, to any individual to the same extent that such individual, or any nongovernmental provider of such services, would be eligible to receive reimbursement or indemnification for such expenses if—(1) such services had been provided by a nongovernmental provider, and (2) such individual had been required to pay such expenses and did pay such expenses.

(b)   Recovery against State with workers' compensation laws or no-fault automobile accident insurance program

Subsection (a) of this section shall provide a right of recovery against any State only if the injury, illness, or disability for which health services were provided is covered under—(1) workers' compensation laws, or (2) a no-fault automobile accident insurance plan or program.

(c)   Prohibition of State law or contract provision impeding right of recovery

No law of any State, or of any political subdivision of a State, and no provision of any contract entered into or renewed after November 23, 1988, shall prevent or hinder the right of recovery of the United States, an Indian tribe, or a tribal organization under subsection (a) of this section.

(d)   Right to damages

No action taken by the United States, an Indian tribe, or a tribal organization to enforce the right of recovery provided under subsection (a) of this section shall affect the right of any person to any damages (other than damages for the cost of health services provided by the Secretary through the Service).

(e)   Intervention or separate civil action

The United States, an Indian tribe, or a tribal organization may enforce the right of recovery provided under subsection (a) of this section by—

(1) intervening or joining in any civil action or proceeding brought—

(A) by the individual for whom health services were provided by the Secretary, an Indian tribe, or a tribal organization, or

(B) by any representative or heirs of such individual, or

(2) instituting a separate civil action, after providing to such individual, or to the representative or heirs of such individual, notice of the intention of the United States, an Indian tribe, or a tribal organization to institute a separate civil action.

(f)   Right of recovery for services when self-insurance plan provides coverage

The United States shall not have a right of recovery under this section if the injury, illness, or disability for which health services were provided is

covered under a self-insurance plan funded by an Indian tribe or tribal organization.

**[1]** That statute provides a right of recovery only *against third parties*. Two elements of the text make this limitation clear. First, the title of § 1621e (2009) (which remains identical after the 2010 amendments) states: "Reimbursement *from certain third parties* of costs of health services." *Id.* (emphasis added). As the Supreme Court has held, "the title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute." *Almendarez-Torres v. United States*, 523 U.S. 224, 234 (1998) (internal quotation marks omitted). Second, subsection (a), which defines the scope of the right of recovery, allows the provider to recover "to the same extent that [the Native American] individual . . . would be *eligible to receive* reimbursement or indemnification for such expenses." 25 U.S.C. § 1621e(a) (emphasis added). That wording presupposes that the provider stands in the shoes of the individual who, naturally enough, would not be receiving reimbursement or indemnification from herself.[2]

**[2]** In addition to limiting the reach of an eligible provider's right to the provider's relationship to third parties only, and not to the Native American who received services, the statute limits the ways in which the provider may *enforce* its right against third parties. The provider may enforce that right in one of only two ways. Congress specified that the provider *either* may join a civil action filed by the individual (or his or her heirs) against a third party *or*, if the individual does not

---

[2]The amended version of § 1621e(a) is even more explicit because it lists the third parties against which the health care provider may recover: A "tribal organization shall have the right to recover from an insurance company, health maintenance organization, employee benefit plan, third-party tortfeasor, or any other responsible or liable third party." Naturally, the list does not include the individual who received services.

file such an action, may file its own action against a third party. 25 U.S.C. § 1621e(e).[3]

The ordinary workings of this statute are uncomplicated. Because a Native American need not pay for health care services from eligible providers, she may have a diminished incentive (if any incentive at all) to seek remuneration from third parties for the provider's cost to deliver care. To address that situation, the statute allows the provider to recover its expenses against third-party tortfeasors, relevant insurers, or other third parties by joining in the individual's litigation against those third parties, to protect its interest, or by filing its own action.

[3] Here, however, the health care provider seeks to enforce a right of recovery *against the individual* to whom it provided services, at least with respect to the settlement funds. That procedure simply does not fit within the statute, in which the right of recovery that Congress granted runs only against third parties. Our conclusion is reinforced by the fact that the enforcement mechanisms enumerated by Congress do not include an action against the individual served, with respect to settlement funds received from a third party or otherwise. In short, § 1621e(a) and (e) do not apply. We reject the Consortium's attempt to read § 1621e as a federal lien law; to do so, we would have to add a concept (a right of enforcement against *proceeds received from* third parties) that Congress omitted. *See, e.g.*, *Cavanaugh v. U.S. Dist. Court (In re Cavanaugh)*, 306 F.3d 726, 738 (9th Cir. 2002) ("[W]e may not add to the statute terms that Congress omitted . . . .").

---

[3]The pre-amendment version of the statute entitled this subsection "Intervention or separate civil action," while the amended statute uses the title "Enforcement." The text of the two versions is otherwise the same. Both versions suggest that the listed methods of enforcement are the exclusive means of enforcing the right established in subsection (a).

**[4]** We note that a health care provider like the Consortium is not necessarily left empty-handed. First, the provider can, under the federal statute, file an action against relevant third parties. Second, as the Consortium has done here, the provider can take advantage of medical lien laws, such as Alaska Statutes § 34.35.450(a).[4] The Alaska Supreme Court has held that medical liens involving Alaska Natives are enforceable (with certain limitations). *See Alaska Native Tribal Health Consortium v. Settlement Funds Held for or to be Paid on Behalf of E.R.*, 84 P.3d 418 (Alaska 2004). In short, nothing in § 1621e precludes a provider from taking advantage of an otherwise applicable medical lien law.[5]

**[5]** In conclusion, because 25 U.S.C. § 1621e does not apply to the action between Plaintiff and the Consortium, we reverse the grant of summary judgment in favor of the Consortium on its counterclaim. We remand the case for such further proceedings as may be appropriate on Plaintiff's claim.

## REVERSED AND REMANDED.

---

[4]That section provides:

> An operator of a hospital in the state, a licensed special nurse in a hospital in the state, or a physician who furnishes service to a person who has a traumatic injury has a lien upon any sum awarded to the injured person or the personal representative of the injured person by judgment or obtained by a settlement or compromise to the extent of the amount due the hospital, nurse, or physician for the reasonable value of the service furnished before the date of judgment, settlement, or compromise, together with costs and reasonable attorney fees that the court allows, incurred in the enforcement of the lien. AS 34.35.450-34.35.480 do not apply to a claim, right of action, or money accruing under AS 23.30 (Workers' Compensation Act).

[5]After the 2010 amendments, the statute makes explicit that it does not limit any right of recovery arising under other applicable laws, "including medical lien laws." 25 U.S.C. § 1621e(k) (2010). That wording strengthens our conclusion that § 1621e is not, itself, a medical lien law.

## Appendix

§ 1621e.   Reimbursement from certain third parties of costs of health services.

(a)   Right of recovery

Except as provided in subsection (f), the United States, an Indian tribe, or tribal organization shall have the right to recover from an insurance company, health maintenance organization, employee benefit plan, third-party tortfeasor, or any other responsible or liable third party (including a political subdivision or local governmental entity of a State) the reasonable charges billed by the Secretary, an Indian tribe, or tribal organization in providing health services through the Service, an Indian tribe, or tribal organization, or, if higher, the highest amount the third party would pay for care and services furnished by providers other than governmental entities, to any individual to the same extent that such individual, or any nongovernmental provider of such services, would be eligible to receive damages, reimbursement, or indemnification for such charges or expenses if—(1) such services had been provided by a nongovernmental provider; and (2) such individual had been required to pay such charges or expenses and did pay such charges or expenses.

(b)   Limitations on recoveries from States

Subsection (a) shall provide a right of recovery against any State, only if the injury, illness, or disability for which health services were provided is covered under—(1) workers' compensation laws; or (2) a no-fault automobile accident insurance plan or program.

(c)   Nonapplicability of other laws

No law of any State, or of any political subdivision of a State and no provision of any contract, insurance or health

maintenance organization policy, employee benefit plan, self-insurance plan, managed care plan, or other health care plan or program entered into or renewed after November 23, 1988, shall prevent or hinder the right of recovery of the United States, an Indian tribe, or tribal organization under subsection (a).

(d)   No effect on private rights of action

No action taken by the United States, an Indian tribe, or tribal organization to enforce the right of recovery provided under this section shall operate to deny to the injured person the recovery for that portion of the person's damage not covered hereunder.

(e)   Enforcement

(1) In general

The United States, an Indian tribe, or tribal organization may enforce the right of recovery provided under subsection (a) by—

(A) intervening or joining in any civil action or proceeding brought—

(i) by the individual for whom health services were provided by the Secretary, an Indian tribe, or tribal organization; or

(ii) by any representative or heirs of such individual, or

(B) instituting a separate civil action, including a civil action for injunctive relief and other relief and including, with respect to a political subdivision or local governmental entity of a State, such an action against an official thereof.

(2) Notice

All reasonable efforts shall be made to provide notice of action instituted under paragraph (1)(B) to the individual to whom health services were provided, either before or during the pendency of such action.

(3)   Recovery from tortfeasors

(A) In general

In any case in which an Indian tribe or tribal organization that is authorized or required under a compact or contract issued pursuant to the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450 et seq.) to furnish or pay for health services to a person who is injured or suffers a disease on or after the date of enactment of the Indian Health Care Improvement Reauthorization and Extension Act of 2009 under circumstances that establish grounds for a claim of liability against the tortfeasor with respect to the injury or disease, the Indian tribe or tribal organization shall have a right to recover from the tortfeasor (or an insurer of the tortfeasor) the reasonable value of the health services so furnished, paid for, or to be paid for, in accordance with the Federal Medical Care Recovery Act (42 U.S.C. 2651 et seq.), to the same extent and under the same circumstances as the United States may recover under that Act.

(B) Treatment

The right of an Indian tribe or tribal organization to recover under subparagraph (A) shall be independent of the rights of the injured or diseased person served by the Indian tribe or tribal organization.

(f)   Limitation

Absent specific written authorization by the governing body of an Indian tribe for the period of such authorization (which may not be for a period of more than 1 year and which may be revoked at any time upon written notice by the governing body to the Service), the United States shall not have a right of recovery under this section if the injury, illness, or disability for which health services were provided is covered under a self-insurance plan funded by an Indian tribe, tribal organization, or urban Indian organization. Where such authorization is provided, the Service may receive and expend such amounts for the provision of additional health services consistent with such authorization.

(g)   Costs and attorney's fees

In any action brought to enforce the provisions of this section, a prevailing plaintiff shall be awarded its reasonable attorney's fees and costs of litigation.

(h)   Nonapplicability of claims filing requirements

An insurance company, health maintenance organization, self-insurance plan, managed care plan, or other health care plan or program (under the Social Security Act or otherwise) may not deny a claim for benefits submitted by the Service or by an Indian tribe or tribal organization based on the format in which the claim is submitted if such format complies with the format required for submission of claims under title XVIII of the Social Security Act or recognized under section 1175 of such Act.

(i)   Application to urban indian organizations

The previous provisions of this section shall apply to urban Indian organizations with respect to populations served by such Organizations in the same manner they apply to Indian

tribes and tribal organizations with respect to populations served by such Indian tribes and tribal organizations.

(j)    Statute of limitations

The provisions of section 2415 of Title 28, shall apply to all actions commenced under this section, and the references therein to the United States are deemed to include Indian tribes, tribal organizations, and urban Indian organizations.

(k)    Savings

Nothing in this section shall be construed to limit any right of recovery available to the United States, an Indian tribe, or tribal organization under the provisions of any applicable, Federal, State, or tribal law, including medical lien laws.